United States District Court
Northern District of California

UNITED STATES OF AMERICA,

Plaintiff,

v.

GODLIFE ASAD MUHAMMED
(a/k/a Godlife Muhammed, a/k/a Kiven Ross),

Defendant.

Case No.: CR 02-40206-DLJ-1 (KAW)

ORDER FOR PSYCHIATRIC EXAMINATION UNDER 18 U.S.C. § 4241

In open court on June 4, 2012, the Court, on its own motion, ordered Defendant Godlife Muhammed to submit to a psychiatric examination pursuant to 18 U.S.C. § 4241(b) to determine whether he is competent to stand trial.

After considering the defendant's statements in court indicating his lack of understanding of the proceedings, his refusal to cooperate in court proceedings, and disruptive behavior as well as an unwillingness to accept appointment of counsel, the Court finds that there is reasonable cause to believe that the defendant "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. §4241(a). Accordingly, the Court orders the orders the defendant to submit to a psychiatric examination to be conducted pursuant to 18 U.S.C. §4241(b).

The examination is to be conducted by the Bureau of Prisons, under supervision of the U.S. Marshals, pursuant to the provisions of 18 U.S.C. §4247(b) and (c). The psychiatric report is to be filed with the Court, and copies are to be provided to defense counsel and counsel for the government. 18 U.S.C. §4247(c).

The psychiatric report shall include the following information, as required by 18 U.S.C. §4247(c)(1-4):

(1) The defendant's history and present symptoms;

(2) A description of the psychiatric, psychological, and medical tests that were employed, and their results;

(3) The examiner's findings; and

(4) The examiner's opinions as to the diagnosis, prognosis, and whether the defendant "is suffering from a mental disease or defect rendering him incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. §4247(c)(4)(A).

In addition, the examiner is directed to determine whether the defendant has sufficient mental capacity to waive his constitutional rights to make a reasoned determination among the questions put to him.

In order to provide adequate time for the psychiatric examination and preparation of the report, and for effective preparation of counsel, the Court orders this matter continued to August 10, 2012, at 9:30 a.m. before this Court for further proceedings regarding the defendant's competency. At that hearing, the Court will consider whether a competency hearing needs to be conducted pursuant to 18 U.S.C. §4241(a).

A delay in court proceedings resulting from proceedings and examinations to determine a defendant's mental competency is a statutory exclusion under the Speedy Trial Act, 18 U.S.C. §3161(h)(1)(A). Accordingly, the time from June 4, 2012 to August 10, 2012 is excluded from the Speedy Trial clock.

If the psychiatric evaluation is completed earlier than the time period contemplated by this order, then the parties will contact the Court and place the matter on calendar on a date earlier than August 10, 2012.

IT IS SO ORDERED.

Dated: June 4, 2012

KANDIS A. WESTMORE
United States Magistrate Judge

2